■ MELVIN SLOAN et al., Appellants-Respondents, v. PINAFORE HOMES, INC., Respondent-Appellant.— In an action, *inter alia,* for specific performance of a contract to sell real property, brought by the purchasers against the seller, the parties cross-appeal from a judgment of the Supreme Court, Rockland County, dated July 28, 1969 and made after a nonjury trial, which *inter alia* granted plaintiffs specific performance. Judgment modified, on the law and the facts, (1) by striking therefrom all the decretal paragraphs, except the second (which dismissed defendant's counterclaim for damages); (2) by substituting therefor a provision (a) dismissing all claims of plaintiffs made in their complaint, except a claim for return of the payment made by them under the contract and for the net cost of examination of title without title insurance, recovery upon which plaintiffs are entitled, and (b) severing said excepted claim from the remainder of the action, for further proceedings. As so modified, judgment affirmed, with costs to defendant. The case is remanded to the trial court to take proofs in order to determine the amounts to which plaintiffs are entitled upon said excepted claim, and for entry of judgment upon such determination. In April, 1967, plaintiffs and defendant entered into a contract whereunder plaintiffs undertook to purchase from defendant a parcel of land improved with a one-family dwelling to be built by defendant. On the adjourned law day in February, 1968, plaintiffs rejected defendant's proffer of title on the ground that the building inspector of the Town of Ramapo had refused to issue a certificate of occupancy for the property. The proof before Special Term showed that the certificate was denied because the natural slope behind the dwelling, extant at the time of the making of the contract, created a hazardous condition in the absence of grading of the slope or construction of retaining walls, work for which the contract did not provide. Paragraph 18 of the contract provides, *inter alia,* that " if the building shall not be ready for occupancy at the date hereinafter set forth for the closing of title, then the said title closing shall be adjourned to a date to be set by the Seller which date shall not be beyond one month after said dwelling shall be ready for occupancy ". A dwelling for which a certificate of occupancy will not issue is a building unready for occupancy. By force of paragraph 18 the absence of such a cer-

tificate is an objection to the passing of title. However, the objection is not one which imposes upon defendant the affirmative duty to secure the certificate by performing work for which the parties did not contract. At most, the contract required defendant to apply for the certificate and deliver it at the closing to the lending institution requesting it. Hence, plaintiffs are limited to a recovery of their deposit and the net cost of title examination as described in paragraph 16 of the contract. Hopkins, Acting P. J., Munder, Kleinfeld, Brennan and Benjamin, JJ., concur.